IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | : Criminal No. 4:11-CR-18-CDL |
| RONALD FELICIANO, JR. | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and RONALD FELICIANO, JR., hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that he has reviewed and discussed the indictment against him in this matter with his attorney and his attorney has explained to defendant his understanding of the government's evidence.

(2)

The defendant understands that he is not required to plead guilty, and that he has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, he would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that he would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that he

would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that he would have the right to testify in his own behalf, but that he could not be compelled to do so. Defendant has discussed these rights with his attorney. Defendant is satisfied with the services of his lawyer. Defendant knowingly and voluntarily waives his right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, 543 U.S.220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and their progeny. The Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to trial by jury and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of his rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)   The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the indictment which charges defendant with "Possession of Child Pornography," in violation of 18 U.S.C. §2252(a)(4)(B).

2

(B) That defendant fully understands that his plea of guilty as set forth in Subparagraph (A), above, will subject him to a maximum sentence of ten (10) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of not less than five (5) years up to life. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00.

(C) The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from his counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw his plea because he has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D) The defendant understands fully and has discussed with his attorney that the Court will not be able to determine an advisory guideline sentence until after a presentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that he will have the opportunity to review the presentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Presentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a



sentence that is more severe or less severe than the advisory guideline range.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.

(H)     The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. Once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(I) The defendant and the government stipulate and agree that there was no detected or



identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution, including computers and related evidence seized from his residence, may be destroyed or returned to its rightful owner.

(J) The defendant understands that following his conviction and sentencing in this matter he will be required to register as a sex offender, and that failure to do so and to keep his registration updated could subject him to further prosecution pursuant to 18 U.S.C. §2250 (Failure to Register).

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant.

(B)     If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive a downward adjustment in the advisory guideline range. The decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court indictment, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging

in additional criminal conduct including personal use of a controlled substance.

(C) The government agrees to recommend a sentence at the bottom of the advisory sentencing guideline range, as that range is ultimately determined by the Court at sentencing.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that at trial the United States could prove the following beyond a reasonable doubt:

On or about February 18, 2010, at his residence in Columbus, Georgia, the defendant possessed a computer hard drive and external hard drive containing visual depictions of minors engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), including sexual intercourse, masturbation, and lascivious exhibition of the genitals. Defendant possessed more than 600 images of identifiable minors engaging in sexually explicit conduct, which images were obtained by defendant by use of his computer over the internet using a facility of interstate commerce and in and affecting interstate commerce. Some of the visual depictions possessed by defendant involved prepubescent minors who had not attained the age of 12 years, and some depicted sadistic conduct.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this **30th** day of **January**, 201**2**.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

BY: _____
PAUL C. McCOMMON III
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 484650

I, RONALD FELICIANO, JR., have read this agreement and had this agreement read to me by my attorney, DAVID L. ROBERTS. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
RONALD FELICIANO, JR.
DEFENDANT

I, DAVID L. ROBERTS, attorney for defendant RONALD FELICIANO, JR., have explained the indictment and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
DAVID L. ROBERTS
ATTORNEY FOR DEFENDANT